**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER ROY SIAHAAN; RONNY JIMMY SIAHAAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos.  08-70923 <br>         08-73851 <br><br> Agency Nos.    A077-302-514 <br>                       A077-302-517 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:   SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Walter Roy Siahaan and Ronny Jimmy Siahaan, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") (No. 08-70923), and petition for review of the BIA's decision denying their motion to reopen (No. 08-73851). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review for abuse of discretion the agency's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petitions for review.

In pursuing their underlying claims during removal proceedings, petitioners did not argue to the IJ or the BIA that they suffered past persecution in Indonesia or that anything happened to them in Indonesia on account of their religion or ethnicity. Rather, based on news reports and stories they heard after coming to the United States, they argued – as they do now – that Walter fears he will be harmed in Indonesia due to his Christianity, and that Ronny fears he will be harmed in Indonesia due to his Christianity and Chinese ethnicity.

With respect to Walter's asylum claim, the record does not compel the conclusion that he established changed circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4). Accordingly, Walter's asylum claim fails as time-barred.

Further with respect to Walter's withholding of removal claim, even as a member of a disfavored group, the record does not compel the conclusion that he

2

established a clear probability of persecution, because he failed to demonstrate his general, undifferentiated fear of harm is distinct from the fears felt by all other Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc) ("In sum, [petitioner] has provided no evidence that [he] has been, or is likely to be, specifically targeted for persecution by any individual or group in Indonesia."). Accordingly, Walter's withholding of removal claim fails.

Similarly, with respect to Ronny's asylum claim, even as a member of two disfavored groups, the record does not compel the conclusion that he has established a well-founded fear of persecution, because Ronny failed to show that his general, undifferentiated fear of harm is distinct from the fears felt by all other Chinese Christians in Indonesia. *See id*. Accordingly, Ronny's asylum claim fails.

Because Ronny failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, with respect to both Walter and Ronny's CAT claims, substantial evidence supports the agency's denial of relief because petitioners failed to establish it is more likely than not that they will be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

3

In petition no. 08-73851, petitioners contend the BIA erred by denying their motion to reopen based on Walter's "new factual evidence," *i.e.*, Walter's memory of the death at birth of his twin daughters in Indonesia over 19 years earlier. The BIA did not abuse its discretion in denying petitioners' motion to reopen where petitioners failed to demonstrate their additional evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (both statute and regulation require that evidence introduced through a motion to reopen "must not have been available to be presented at the former hearing") (citation and internal quotation omitted). Further, contrary to petitioners' contention, the BIA adequately considered the evidence presented with their motion to reopen. *See Najmabadi*, 597 F.3d at 990-91.

**PETITIONS FOR REVIEW DENIED.**